UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNY PIPPINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-4010 |
| | ) | |
| ROCK ISLAND COUNTY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW ORDER**

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that the Illinois Department of Corrections (IDOC) and Illinois State Police (ISP) improperly listed him as a registered sex offender on their respective websites. Plaintiff alleges that IDOC officials admitted this was "glitch" in the system that would get resolved, but despite Plaintiff's pleas to IDOC, ISP, and Rock Island County officials, the problem was not fixed for more than a year and a half. As a result, Plaintiff alleges that he was misclassified and sent from the North Reception Center (NRC) located at Stateville Correctional Center to Menard Correctional Center. Plaintiff alleges that he was assaulted by other inmates at Menard when the inmates found out he was listed as a registered sex offender and then forced to make monthly payments to the inmates or risk further violence. Plaintiff alleges that he was later transferred to an Iowa prison where the harassment has continued.

Plaintiff's allegations that state officials violated state law by unlawfully listing him on the Illinois Sex Offender Registry does not state a claim as a failure to follow state law does not, on its own, violate the Constitution. *Lennon v. City of Carmel*, 865

F.3d 503, 509 (7th Cir. 2017); *Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004). To the extent that Plaintiff alleges that his alleged classification subjected him to an increased risk of harm within IDOC, and that prison officials disregarded that risk, he has not named as defendants any IDOC defendants that are present within this judicial district. Stateville Correctional Center and Menard Correctional Center are located in the Northern and Southern Districts of Illinois, respectively. Ordinarily, the Court would transfer this case to one of those districts, but, here, the Court does not know which district is appropriate. Therefore, the Court will dismiss this case without prejudice to allow Plaintiff to pursue the claims in the appropriate district.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 14th day of March, 2018.

/s/Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE